Seth M. Lehrman (178303)
seth@epllc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile:  954-524-2822

Ronald J. Eisenberg (*Pro Hac Vice*)
reisenberg@sl-lawyers.com
SCHULTZ & ASSOCIATES LLP
640 Cepi Drive, Suite A
Chesterfield, MO 63005
Telephone: 636-537-4645
Facsimile: 636-537-2599

Attorneys for Plaintiff
Joan Spencer-Ruper,
assignee of Retina Associates Medical Group, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| **JOAN SPENCER-RUPER, assignee of RETINA ASSOCIATES MEDICAL GROUP, INC.,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SCIENTIAE, LLC, et al.,**<br><br>Defendants. | **CASE NO.  8:19-cv-01709-DOC -ADS**<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>Judge:    David O. Carter<br><br>Date:        March 22, 2021<br>Time:        8:30 A.M.<br>Courtroom:    9 D<br>[Filed and Served Concurrently with Proposed Order] |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 22, 2021, at 8:30 a.m., before the United States District Court, Central District of California, Central District of California, Southern Division, Courtroom 9 D, 411 West 4th Street, Room 1053 Santa Ana, CA 92701, Plaintiff Joan Spencer-Ruper, assignee of Retina Associates Medical Group, Inc., will move for an order granting preliminary approval of the class action settlement and certification of the settlement class as detailed in Plaintiff's Memorandum of Points and Authorities.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, exhibits thereto, the Complaint, all other pleadings and papers on file in this action, and upon such other evidence and arguments as may be presented at the hearing on this matter.

Date: February 16, 2021                    **EDWARDS POTTINGER LLC**

By: */s/ Seth M. Lehrman*
SETH M. LEHRMAN
Attorney for Plaintiff

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7-3

Plaintiff's counsel certifies that prior to filing the instant motion, the Parties, through counsel, met and conferred pertaining to the subject matter of the instant motion. Defendants do not oppose this motion.

Date: February 16, 2021                    **EDWARDS POTTINGER LLC**

By: */s/ Seth M. Lehrman*
    SETH M. LEHRMAN
    Attorney for Plaintiff

# TABLE OF CONTENTS

TABLE OF CONTENTS ....................................................................................... i

TABLE OF AUTHORITIES.............................................................................. ii

MEMORANDUM OF POINTS & AUTHORITIES ...................................... 1

I. INTRODUCTION................................................................................................ 1

II. STATEMENT OF FACTS ............................................................................... 3

    A. Factual Background ................................................................. 3

    B. Proceedings to Date.................................................................. 4

        1. Litigation ................................................................................ 4

        2. Mediation and Continued Negotiations.......................... 5

    C. Statement of Facts.................................................................... 5

        1. The Class ................................................................................ 5

            a.  The Class definition ...................................................... 5

            b.  Class membership determination ................................ 6

        2. Settlement Payment ............................................................. 6

        3. Monetary benefit to Class Members and Class Notice ..................... 6

        4. Scope of Release .................................................................. 9

        5. Opportunity to opt out and object ................................... 9

        6. Payment of Notice and Administrative Costs ................. 9

        7.  Application for a Class Representative Award .............. 9

        8. Class Counsels' application for attorneys' fees, costs, and expenses .................. 10

        9. *Cy pres* distribution.......................................................... 10

III. ARGUMENT.................................................................................................. 11

    A. The legal standards for preliminary approval of a class action settlement ............. 11

    B. Liability is highly contested and both sides face significant challenges in litigating this case ......................... 14

    C. Defendants' agreement to finance the common benefit fund provides a fair and substantial benefit to the Class.................... 14

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

i

**D. The Settlement was reached through arm's-length negotiation, without collusion, with the assistance of a Panel Mediator**...........14

**E. Experienced counsel have determined that the Settlement is appropriate and fair to the Class**........................................15

**F. The Court should preliminarily certify the Class for purposes of settlement** ............................................................................15

**G. The proposed Class in the thousands is numerous.** ............16

**H. The commonality requirement is satisfied, because common questions of law and fact exist**........................................16

**I. The typicality requirement is met** ........................................16

**J. The adequacy requirement is satisfied** ................................16

**K. Common questions predominate, sufficient to certify a Class for settlement purposes only**............................................18

**L. Class treatment for settlement purposes is superior to individual resolutions** ..............................................................19

**M. The proposed Class Notice is consistent with Rule 23 and the Ninth Circuit requirements and provides adequate notice for claims, objections and opt outs** ................................................20

**N. The Court should preliminarily certify the Class for purposes of settlement.** ...........................................................................23

**O. The Court should appoint Angeion Group, LLC, as the Settlement Administrator** ...................................................................24

**P. The Final Approval Hearing should be scheduled** .............24

**IV. CONCLUSION** ...............................................................................24

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

ii

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

*Amchem Prods. Inc. v. Woodward*,

4

    521 U.S. 591 (1997)......................................................................20

5

*Barani v. Wells Fargo Bank, N.A.*,

6

    2014 WL 1389329 (S.D. Cal. Apr. 9, 2014) ......................................22

7

*Bellinghausen v. Tractor Supply Co.*,

8

    306 F.R.D. 245 (N.D. Cal. Mar. 20, 2015)........................................10

9

*Boyd v. Bechtel Corp.*,

10

    485 F. Supp. 610 (N.D. Cal. 1979)....................................................13

11

*Elkins v. Equitable Life Ins. of Iowa*,

12

    1998 WL 133741 (M.D. Fla. Jan. 27, 1998) ......................................20

13

*Hanlon v. Chrysler Corp.*,

14

    150 F.3d 1011 (9th Cir. 1998) ................................................... passim

15

*Harris v. Palm Springs Alpine Estates, Inc.*,

16

    329 F.2d 909 (9th Cir. 1964) ............................................................16

17

*In re Online DVD-Rental Antitrust Litig.*,

18

    779 F.3d 934 (9th Cir. 2015) ............................................................10

19

*In re Prudential Sec. Inc. Ltd. Partnerships Litig.*,

20

    163 F.R.D. 200 (S.D.N.Y. 1995)......................................................12

21

*In re Toys R Us – Delaware, Inc. – Fair and Accurate Credit Transactions Act*

22

    *(FACTA) Litig.*, 295 F.R.D. 438 (C.D. Cal. Jan. 17, 2014)..............10

23

*Kirkorian v. Borelli*,

24

    695 F.Supp. 446 (N.D. Cal.1988).....................................................13

25

*Lerwill v. Inflight Motion Pictures, Inc.*,

26

    582 F.2d 507 (9th Cir. 1978) ............................................................23

27

28

*Linney v. Cellular Alaska P'ship*,
    151 F.3d 1234 (9th Cir. 1998) ............................................................13

*Lo v. Oxnard European Motors, LLC*,
    2012 WL 1932283 (S.D. Cal. May 29, 2012) ....................................21

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
    244 F.3d 1152 (9th Cir. 2001) ............................................................18

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ............................................................................21

*Officers for Justice v. Civil Service Comm'n*,
    688 F.2d 615 (9th Cir. 1982) ......................................................11, 12

*Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*,
    323 F. Supp. 364 (E.D. Pa. 1970) ......................................................13

*Schaffer v. Litton Loan Servicing, LP*,
    2012 WL 10274679 (C.D. Cal. Nov. 13, 2012) ................................21

*Silber v. Mabon*,
    18 F.3d 1449 (9th Cir. 1994) ..............................................................21

*Strube v. Am. Equity Inv. Life Ins. Co.*,
    226 F.R.D. 688 (M.D. Fla. 2005) ......................................................20

*Torrisi v. Tucson Electric Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ................................................................22

*Utility Reform Project v. Bonneville Power Admin.*,
    869 F.2d 437 (9th Cir. 1989) ..............................................................11

*Valentino v. Carter-Wallace*,
    97 F.3d 1227 (9th Cir. 1996) ..............................................................19

*Wehner v. Syntex Corp.*,
    117 F.R.D. 641 (N.D. Cal. 1987) ......................................................17

*West Va. v. Chas. Pfizer & Co.*,
    440 F.2d 1079 (2d Cir. 1971) ............................................................12

*Wireless Facilities, Inc. Sec. Litig. II,*
    253 F.R.D. 607 (S.D. Cal. 2008) ...................................................15, 17

*Zinser v. Accufix Research Inst., Inc.,*
    273 F.3d 1266 (9th Cir. 2001) ...........................................................18

**Statutes**

28 U.S.C. § 1715...........................................................................2, 9, 24

Federal Rule of Civil Procedure 23 ............................................... passim

**Other Authorities**

*Manual for Complex Litigation* (Fourth) (Fed. Judicial Center 2004)...................11

*Moore's Federal Practice – Civil* § 23.165[3] (3d ed.)...........................................12

*Newberg on Class Actions* § 11.25 *et seq.*, and § 13.64 (4th ed. 2002 and Supp.
    2004)...................................................................................................11

## MEMORANDUM OF POINTS & AUTHORITIES

### I. INTRODUCTION.

Plaintiff Joan Spencer-Ruper, assignee of Retina Associates Medical Group, Inc. ("Plaintiff" or "Class Representative"), individually and on behalf of the "Settlement Class" (as defined below), submits this motion for preliminary approval of a proposed settlement ("Settlement") of this action ("Litigation") and certification of the proposed Settlement Class. Defendants Scientiae, LLC, and Montefiore Medicine Academic Health System, Inc., f/k/a Albert Einstein College of Medicine, Inc., d/b/a Albert Einstein College of Medicine do not oppose Plaintiff's motion. (Plaintiff and Defendants shall collectively be referred to as the "Parties.") The terms of the Settlement are set forth in the Settlement Agreement ("Agreement" or "Settlement"),[1] attached as **Exhibit A**. *See* Declaration of Seth M. Lehrman ("Lehrman Decl."), ¶ 36, **Exhibit B**, and Declaration of Ronald J. Eisenberg ("Eisenberg Decl."), **Exhibit C**.

The proposed Settlement resulted from the Parties' participation in a mediation session with Los Angeles mediator Stacie Feldman Hausner in June 2020, and then many additional months of negotiation. The Settlement provides for a real financial benefit to the Class Members. The Settlement Class, totaling 1,146, consists of all persons in the United States, who did not have an established business relationship with Defendants, who received a facsimile advertisement sent by or on behalf of Defendants advertising the May 8, 2019 Advanced One-On-One Injection Training with Today's Experts in Aesthetic Medicine medical education event. Excluded from the Class are Defendants, their employees, their agents, and members of the judiciary.

The compromise Settlement, reached with the guidance of a mediator, will create a Settlement Fund of $350,000, also called "Settlement Benefits," to be

---

[1] Unless otherwise specified, capitalized terms used in this memorandum are intended to have the same meaning ascribed to those terms in the Agreement.

established by Defendants.  The amount of the Settlement Fund shall not be reduced as a result of any member of the Settlement Class electing to opt out or be excluded from the Settlement or for any other reason.  The Settlement Fund will pay for a Settlement Administrator, Angeion Group, LLC ("Angeion"), which will be responsible for providing notice to the Settlement Class, providing notice of this proposed settlement under 28 U.S.C. § 1715 ("Class Action Fairness Act" or "CAFA"), providing and disbursing settlement checks to Class Members who submit a claim form and who do not opt-out, creating and maintaining a Settlement Website, maintaining a toll-free telephone number, preparing an Opt-Out List, preparing a list of persons submitting objections to the settlement, and acting as a liaison between Class Members and the Parties regarding the settlement.  Settlement members who submit a Valid Claim Form and do not opt-out will receive by check a pro rata share of the Settlement Fund up to $500 each (after deduction of Settlement Administration Costs, attorneys' fees, expenses, and costs to Class Counsel, as approved by the Court, a Class Representative Award, if any, to the Representative Plaintiff), and any *cy pres* distribution.  The Representative Plaintiff will receive an incentive payment of $5,000 (subject to Court approval) for bringing and litigating this action.  Class Counsel will request an attorneys' fee award of up to $87,500 (i.e., 25% of the $350,000 Settlement Fund), plus reimbursement of litigation costs and expenses, subject to Court approval, to be paid out of the Settlement Fund.  Any unclaimed funds from uncashed settlement checks, shall be delivered to Medical Aid for Children of Latin America, Inc., a 501(c)(3) non-profit organization, or any other *cy pres* recipient selected by the Parties and approved by the Court.  This *cy pres* payment from the Settlement Fund will be after all settlement costs and direct payments to the Settlement Class are paid.

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

2

In consideration for the Settlement Fund, Plaintiff, on behalf of the proposed Settlement Class ("Class"), will dismiss the Litigation and release and discharge Defendants and other Released Parties from all claims relating to the Litigation.

While Plaintiff is confident of a favorable determination on the merits, it has determined that the proposed Settlement provides significant benefits to the Settlement Class and is in the best interests of the Settlement Class.  Plaintiff also believes that the Settlement is appropriate because Plaintiff recognizes the expense and amount of time required to continue to pursue the Litigation, the uncertainty, risk, and difficulties of proof inherent in prosecuting TCPA claims, and the challenges obtaining a contested class certification, of winning at trial, and then collecting a judgment.  Similarly, as evidenced by the Agreement, Defendants believe that they have substantial and meritorious defenses to Plaintiff's claims but have determined that it is desirable to settle the Litigation on the Agreement's terms.

Because Plaintiff believes that the proposed Settlement satisfies all of the criteria for preliminary approval, Plaintiff seeks an order preliminarily approving the proposed Settlement, provisionally certifying the Settlement Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure 23(b)(3) for settlement purposes, directing dissemination of Class Notice, and scheduling a Final Approval Hearing.

## II.  STATEMENT OF FACTS.

### A.  Factual Background.

Retina Associates Medical Group, Inc., was a small, California ophthalmologic practice with its principal place of business in Orange County. (Lehrman Decl. ¶ 26.)   Joan Spencer-Ruper is the assignee of Retina Associates Medical Group, Inc.'s claim in this action and has been the main party contact in this case from its inception.  (*Id.*  ¶ 27.)  Scientiae, LLC, is a company that puts on live educational programs, including ones offering continuing education (CE) credits. Montefiore Medicine Academic Health System, Inc., f/k/a Albert Einstein College

of Medicine, Inc., d/b/a Albert Einstein College is a medical school that used to be part of Yeshiva University in New York. In 2019, Defendants sent or caused to be sent to 1,146 Class Members fax advertisements for a May 8, 2019 medical education event.

Plaintiff alleged that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by sending to Plaintiff and the Class unsolicited fax advertisements that lacked proper opt-out notices. (ECF No. 36 at 4-7.) Plaintiff contended that Plaintiff and the Class are entitled to statutory damages under the TCPA. (*Id.* at 12.) Defendants vigorously denied that they violated the TCPA and pleaded numerous affirmative defenses. (ECF No. 40 at 6-10.)

**B.    Proceedings to Date.**

**1.    Litigation.**

In September 2019, a few months after having received an April 29, 2019 fax advertising a medical education event, Plaintiff filed a Class Action Junk-Fax Complaint, alleging both non-willful and willful violations of the TCPA based on unsolicited facsimile advertisements. (ECF Nos. 1 & 1-1.) Plaintiff sought $500 per non-knowing or non-willful violation and $1,500 for each knowing or willful violation. (ECF No. 1 at 12-13.) Plaintiff's claim was brought on behalf of a class of individuals who allegedly received similar unsolicited facsimile advertisements from Defendants. (ECF No. 1.)

In January 2020, Defendants answered and asserted twenty-four affirmative defenses. (ECF No. 16 at 6-11.) Simultaneously, Defendants moved to strike the complaint for allegedly containing failsafe class allegations. (ECF No. 17.) The Court then issued an order setting a scheduling conference. (ECF No. 21.) Plaintiff thereafter filed a first amended complaint, rewording the Class definition. (ECF No. 23 at 8 ¶ 43.) Defendants then moved to strike the amended complaint for allegedly

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

4

containing failsafe class allegations.  (ECF No. 25.)    The Court denied as moot Defendants' original motion to strike class allegation.  (ECF No. 26.)

The case moved forward, and in February 2020, Plaintiff served Defendants with separate requests for production of documents, interrogatories, and requests for admissions.  In March, the Parties submitted a Joint Rule 26(f) Report.  (ECF No. 27.)  With consent of Defendants, Plaintiff then filed a second amended complaint, seeking the same relief as previously.  (ECF Nos. 36-37.)   Defendants again answered, this time asserting additional affirmative defenses.  (ECF No. 40 at 6-11.)

### 2. Mediation and Continued Negotiations.

In April 2020, the Court referred the case to the Court Mediation Panel and issued a scheduling order.  (ECF Nos. 42-43.)  On June 1, the Parties engaged in video-conferenced mediation before Panel Mediator Stacie Feldman Hausner, Esq., in Los Angeles, and made progress toward a settlement.  (ECF No. 45; Lehrman Decl. ¶ 25.)   Building on that progress, the Parties continued to negotiate for many months, and in February 2021 finalized the Agreement.  (Lehrman Decl. ¶ 25.)

As set forth below, Plaintiff requests that the Court approve the Settlement.

### C. Statement of Facts.

#### 1. The Class.

##### a. The Class definition.

The "Class" is defined in the Agreement as follows:

> All persons in the United States, who did not have an established business relationship with Defendants, who received a facsimile advertisement sent by or on behalf of Defendants advertising the May 8, 2019 Advanced One-On-One Injection Training with Today's Experts in Aesthetic Medicine medical education event. Excluded from the Class are Defendants, their employees, their agents, and members of the judiciary.

(Agreement § 10.7.)

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

5

1

**b.    Class membership determination.**

2    The Class membership, determined from Defendants' records, consists of

3    1,146 Class Members.  (Lehrman Decl. ¶ 34.)

4    **2.    Settlement Payment.**

5    Under the Proposed Settlement, Defendants agree to establish a $350,000

6    Settlement Fund to fund (1) Settlement Administration Costs; (2) attorneys' fees,

7    costs, and expenses to Class Counsel, as approved by the Court; (3) an incentive

8    award, if any, to the Representative Plaintiff; (4) Class recovery on a pro rata basis

9    up to $500 each to Class Members who submit a Valid Claim Form; and (5) any *cy*

10    *pres* distribution.  (Agreement § 10.37.)  The amount of the Settlement Fund shall

11    not be reduced because of any members of the Class electing to opt out or be

12    excluded from the Settlement or for any other reason.  (*Id.* § 10.37.2.)

13    **3.    Monetary benefit to Class Members and Class Notice.**

14    The Settlement Agreement provides for $350,000 in cash benefits (minus

15    Settlement Administrations Costs, attorneys' fees, costs, and expenses, and any

16    incentive awards) to Class Members on a pro rata basis, up to $500 per Class

17    Member, after the claims period.  Should there be any funds remaining, such funds

18    will go to the *cy pres* recipient.  (*Id.* § 10.37.2.)  There are 1,146 Class Members

19    with unique facsimile numbers that received facsimile advertisements from

20    Defendants.  The Settlement Administrator will provide notice first via First Class

21    U.S. Mail within 20 days of the Preliminary Approval Order.  (Agreement § 12.2.)

22    Claims Forms will also be available on the Settlement Website and may be submitted

23    online. (*Id.* § 12.9.)  The Claim Period will be the period of 60 days from the initial

24    mailing of Class Notice to the Class by the Settlement Administrator.  (*Id.* § 10.5.)

25    Class Members who Opt Out, must postmark and mail to the Settlement

26    Administrator a request to opt out before the Objection Deadline, which will be 65

27    days following entry of the Preliminary Approval Order (*id.* § 12.6); and the deadline

28

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

6

to Object will be 65 days following entry of the Preliminary Approval Order. (*id.* § 12.7).

Class Members who file a Claims Form and do not Opt Out or Object will each receive a pro-rata share of up to $500, with any remainder going to the *cy pres* recipient, as opposed to reverting to Defendants. After Settlement Administration Costs, any attorneys' fees, costs, and expenses to Class Counsel, and any Class Representative Award, it is estimated there will be approximately $217,500 for the Settlement Class to be distributed pro-rata, and then to *cy pres*. (Lehrman Decl. ¶ 38; Eisenberg Decl. ¶ 29) If each Class Member filed a Claims Form and did not Opt Out or Object, then each one would receive approximately $193. (*Id.*) If 435 out of the 1,146 Class Members filed Claims Forms, they would each receive approximately $500. (*Id.*)

The anticipated settlement amount to class members compares far better than numerous similar TCPA class action settlements which have been approved by courts within the Ninth Circuit and California in particular. Below is a chart of similar TCPA class action settlements that have received approval, including the value to each proposed class member for the respective case. (Lehrman Decl. ¶ 39.)

| Case and No. | Class Size | Settlement Amount | Value per Class Member |
|---|---|---|---|
| *Robles v. Lucky Brand Dungarees, Inc.*<br>No. 3:10-cv-04846 (NDCA) | 216,000 | $9.9 Million | $100 maximum |
| *Adams v. AllianceOne, Inc.*<br>No. 08-cv-0248 (SDCA) | 5.63 Million | $9 Million | $40 maximum |
| *Hartman v. Comcast Business Communications* | 148,843 | $3.8 Million | $25.53 maximum |

| Case and No. | Class Size | Settlement Amount | Value per Class Member |
|---|---|---|---|
| No. 2:10-cv-00413-RSL (WDWA) | | | |
| *Hovila v. Tween Brands, Inc.* No. 09-cv-00491-RSL (WDWA) | 100,000 | $5.33 Million Max | $20 Cash; or $45 Gift Certificate |
| *Clark v. Payless Shoesource, Inc.* No. 09-cv-00915-JCC | 8 Million | $6.25 Million | $25 Gift Certificate |
| *Cubbage v. The Talbots, Inc.* 09-cv-00911-BHS (WDWA) | 18,000 | $1.44 Million | $80 Gift Certificate ($40 Cash Value) |
| *In Re Jiffy Lube* No. 3:11-md-02261 | 2.3 Million | $47 Million | $17.29 Gift Certificate ($12.97 Cash Redemption) |
| *Bellows v. NCO Financial* No. 07-cv-1413-W(AJB) (SDCA) | Unknown, but thousands | $950,000 | $70 |
| *Lemieux v. Global Credit & Collection* No. 08-cv-1012-IEG(POR)(SDCA) | 27,844 | $505,000 | $70 |
| *Gutierrez v. Barclays Group* No. 10-cv-1012 (SDCA) | 66,100 | | $100 |
| *Arthur v. Sallie Mae, Inc.* No. 10-cv-0198 (WDWA) | | $24.15 Million | $20-$40 |

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

8

1

       **4.**    <u>**Scope of Release.**</u>

2

     All Class Members who do not request exclusion will be deemed to have

3
release any claim against the Released Parties arising out of unsolicited facsimile

4
advertisements sent by or on behalf of Defendants to telephone facsimile machines

5
for the May 8, 2019 medical education event.  (Agreement §§ 18.1, 18.4.)  The

6
release does not extend to claims beyond the faxing conduct alleged as to that

7
medical education event.

8

       **5.**    <u>**Opportunity to opt out and object.**</u>

9

     Class Members who Opt Out, must postmark and mail to the Settlement

10
Administrator a request to opt out before the Objection Deadline, which will be 65

11
days following entry of the Preliminary Approval Order (*id.* § 12.6); and the deadline

12
to object will be 65 days following entry of the Preliminary Approval Order (*id.* §

13
12.7).  Any Class Member who does not opt out and objects to the proposed

14
settlement must file its objections to the Court.  (*Id.* § 12.7.)

15

       **6.**    <u>**Payment of Notice and Administrative Costs.**</u>

16

     Defendants shall fund the Settlement Administration Costs within the time

17
required by the Settlement Administrator and shall fund the remaining Settlement

18
Benefits within 30 days of Preliminarily Approval.  (*Id.* § 15.2.)  The Settlement

19
Administrator will use these funds to administer all costs of the settlement,

20
including providing Class Notice, providing CAFA notice, maintaining the website

21
and toll-free number, and arranging for payments to Class Members.  The funds

22
shall also be used to cover any Attorneys' Fee Award to Class Counsel, a Class

23
Representative Award, and any *cy pres* distribution.  (*Id.* § 10.35, 13.5, 13.6.)

24

       **7.**    <u>**Application for a Class Representative Award.**</u>

25

     Class Counsel will request a Class Representative Award of $5,000 for

26
Representative Plaintiff.  (Agreement § 13.6.)  The Settlement Agreement,

27
however, contains no "clear-sailing" provision as to an award.  (*Id.*)

28

District Courts in California have opined that in many cases, an incentive award of $5,000 is presumptively reasonable.  *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942-43 (9th Cir. 2015) (finding that district court did not abuse its discretion in approving settlement in antitrust class action, despite objector's contention that 9 class representatives were inadequate because their representatives' awards, at $5,000 each, were larger than the $12 each unnamed class member would receive); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266-67 (N.D. Cal. Mar. 20, 2015) (finding that $5,000 payment is presumptively reasonable); *In re Toys R Us – Delaware, Inc. – Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 472 (C.D. Cal. Jan. 17, 2014) (finding that request for $5,000 incentive award for each named plaintiff in consumers' Fair and Accurate Credit Transactions Act action was reasonable; those awards were consistent with the incentive payments courts typically awarded).

## 8. Class Counsels' application for attorneys' fees, costs, and expenses.

The Settlement Agreement expressly contains no "clear-sailing" provision as to Class Counsel's compensation,  i.e., Defendants have the right to object. (Agreement § 13.5.)  Class Counsel state that they intend to apply for an award of attorneys' fees in the amount of  to $87,500 (i.e., 25% of the $350,000 Settlement Fund), plus costs and expenses.

## 9. *Cy pres* distribution.

Based upon Class Counsel's estimates, if at least 435 Class Members submit a Valid Claim Form, there will be no *cy pres* distribution based on a pro rata increase, because each such Class Member would up to $500.  (Agreement § 10.37.2; Eisenberg Decl. ¶ 29.)  Under the proposed Settlement, there will be a *cy pres* distribution only if there are any funds remaining after payments for (1) Settlement Administration Costs, (2) any attorneys' fees, costs, and expenses to

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

10

1 Class Counsel, (3) any Class Representative Award, and (4) a Class recovery up to
2 $500 on a pro rata Class Members who submit a Valid Claim Form (Agreement §
3 10.37.2) or as to any uncashed checks (*id.* § 15.3).

4 **III.** <u>**ARGUMENT**</u>

5 A. <u>**The legal standards for preliminary approval of a class action**</u>
6 <u>**settlement.**</u>

7 "The claims, issues, or defenses of a certified class—or a class proposed to be
8 certified for purposes of settlement—may be settled, voluntarily dismissed, or
9 compromised only with the court's approval." Fed. R. Civ. P. 23(e). Judicial
10 proceedings under Rule 23 have led to a defined procedure and specific criteria for
11 settlement approval in class action settlements, described in the *Manual for Complex*
12 *Litigation* (Fourth) (Fed. Judicial Center 2004) ("*Manual*") §§ 21.63, *et seq.*,
13 including preliminary approval, dissemination of notice to class members, and a
14 fairness hearing. *Manual*, §§ 21.632, 21.633, 21.634. The purpose of the Court's
15 preliminary evaluation of the settlement is to determine whether it is within the
16 "range of reasonableness" and thus whether notice to the class of the terms and
17 conditions of the settlement, and the scheduling of a formal fairness hearing, are
18 worthwhile. *See* 4 Herbert B. Newberg, *Newberg on Class Actions* §§ 11.25, *et seq.*,
19 and § 13.64 (4th ed. 2002 and Supp. 2004) ("*Newberg*"). The Court is not required
20 to undertake an in-depth consideration of the relevant factors for final approval.
21 Instead, the "judge must make a preliminary determination on the fairness,
22 reasonableness, and adequacy of the settlement terms and must direct the preparation
23 of notice of the certification, proposed settlement, and date of the final fairness
24 hearing." *Manual*, § 21.632 (4th ed. 2004).

25 As a matter of public policy, settlement is a strongly favored method for
26 resolving disputes. *See Utility Reform Project v. Bonneville Power Admin.*, 869 F.2d
27 437, 443 (9th Cir. 1989). This is especially true in class actions such as this. *See*

28

1  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982).  As a result,
2  courts should exercise their discretion to approve settlements "in recognition of the
3  policy encouraging settlement of disputed claims." *In re Prudential Sec. Inc. Ltd.*
4  *Partnerships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995).  To make the preliminary
5  fairness determination, courts may consider several relevant factors, including "the
6  strength of the plaintiff's case; the risk, expense, complexity, and likely duration of
7  further litigation; the risk of maintaining class action status through trial; the amount
8  offered in settlement; the extent of discovery completed and the stage of the
9  proceedings; [and] the experience and views of counsel."  *See Hanlon v. Chrysler*
10 *Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ("*Hanlon*").  Furthermore, courts must
11 give "proper deference to the private consensual decision of the parties," since "the
12 court's intrusion upon what is otherwise a private consensual agreement negotiated
13 between the parties to a lawsuit must be limited to the extent necessary to reach a
14 reasoned judgment that the agreement is not the product of fraud or overreaching by,
15 or collusion between, the negotiating parties, and that the settlement, taken as a
16 whole, is fair, reasonable and adequate to all concerned."  *Id.* at 1027.

17     Preliminary approval does not require the Court to make a final determination
18 that the settlement is fair, reasonable, and adequate.  Rather, that decision is made
19 only at the final approval stage, after notice of the settlement has been given to the
20 class members and they have had an opportunity to voice their views of the
21 settlement or to exclude themselves from the settlement.  *See* 5 James Wm. Moore,
22 *Moore's Federal Practice – Civil* § 23.165[3] (3d ed.).  Thus, in considering a
23 potential settlement, the Court need not reach any ultimate conclusions on the issues
24 of fact and law which underlie the merits of the dispute, *West Va. v. Chas. Pfizer &*
25 *Co.*, 440 F.2d 1079, 1086 (2d Cir. 1971), and need not engage in a trial on the merits,
26 *Officers for Justice v. Civil Service Comm'n,* 688 F.2d at 625.  Preliminary approval
27 is merely the prerequisite to giving notice so that "the proposed settlement . . . may

1  be submitted to members of the prospective class for their acceptance or rejection."

2  *Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp.

3  364, 372 (E.D. Pa. 1970).

4       Preliminary approval of the settlement should be granted if, as here, there are

5  no "reservations about the settlement, such as unduly preferential treatment of class

6  representatives or segments of the class, inadequate compensation or harms to the

7  classes, the need for subclasses, or excessive compensation for attorneys." *Manual*

8  *for Complex Litigation* § 21.632, at 321 (4th ed. 2004).

9       Furthermore, the opinion of experienced counsel supporting the settlement is

10  entitled to considerable weight. *See, e.g.*, *Kirkorian v. Borelli*, 695 F.Supp. 446

11  (N.D. Cal. 1988) (opinion of experienced counsel carries significant weight in

12  court's determination of reasonableness of settlement); *Boyd v. Bechtel Corp.*, 485

13  F. Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiffs' counsel should

14  be given presumption of reasonableness).

15       The decision to approve or reject a proposed settlement "is committed to the

16  sound discretion of the trial judge." *See Hanlon*, 150 F.3d at 1026. This discretion

17  is to be exercised "in light of the strong judicial policy that favors settlements,

18  particularly where complex class action litigation is concerned," which minimizes

19  substantial litigation expenses for both sides and conserves judicial resources. *See*

20  *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (quotations

21  omitted).

22       Based on these standards, Plaintiff submits that, for the reasons detailed

23  below, the Court should preliminarily approve the proposed Settlement as fair,

24  reasonable, and adequate.

25

26

27

28

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

13

1
2

**B.**   **Liability is highly contested and both sides face significant challenges in litigating this case.**

3
4
5
6
7
8
9
10

Defendants have vigorously contested Plaintiff's claim through repeated motions to strike the class allegations and by raising twenty-six affirmative defenses to the second amended complaint.   Defendants contended, among other alleged deficiencies, that Plaintiff lacks Article III and prudential standing, that the Court lacks personal jurisdiction over Defendants for claims by purported class members who have no connection to California, and that the claims are barred to the extent the facsimiles at issue were not telephone facsimiles, and that the proposed class does not satisfy the requirements for class certification.

11
12
13
14

Likewise, in considering the Settlement, Plaintiff and Class Counsel carefully balanced the risks of continuing to engage in protracted and contentious litigation, against the benefits to the Class.   As a result, Class Counsel support the Settlement and seek its preliminary approval.   (Lehrman Decl. ¶ 40; Eisenberg Decl. ¶ 30.)

15
16
17
18

The negotiated Settlement reflects a compromise between avoiding that risk and the risk that the Class might not recover.   Because of the costs, risks to both sides, and delays of continued litigation and potential appeals, the Settlement presents a fair and reasonable alternative to continuing to pursue the Litigation.

19
20

**C.**   **Defendants' agreement to finance the common benefit fund provides a fair and substantial benefit to the Class.**

21
22
23
24

As set forth above, Defendants have agreed to pay $350,000 to fund the settlement, which includes notice and claims administration costs, creating and maintaining a Settlement Website and toll-free number, providing CAFA notice, any Class Representative Award, and attorneys' fees, costs, and expenses.

25
26

**D.**   **The Settlement was reached through arm's-length negotiation, without collusion, with the assistance of a Panel Mediator.**

27
28

The proposed Settlement resulted from the Parties' participation in a

1  mediation session in June 2020 with an experienced mediator, Ms. Feldman
2  Hausner, in Los Angeles.  (Lehrman Decl. ¶ 25; Eisenberg Decl. ¶ 31.)  With the
3  mediator's guidance, the Parties made progress toward settling but then continued
4  negotiating for months until they reached a proposed resolution.  The time and effort
5  spent with motions, amended pleadings, discovery, and mediations militate in favor
6  of preliminary approval of the proposed Settlement, as the process accurately
7  indicates that there was no collusion.  *See In re Wireless Facilities, Inc. Sec. Litig.*
8  *II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) ("Settlements that follow sufficient
9  discovery and genuine arms-length negotiation are presumed fair.").

10       **E.**     **Experienced counsel have determined that the Settlement is**
11                  **appropriate and fair to the Class.**

12       The Parties are represented by counsel experienced in complex class action
13  litigation. (Lehrman Decl. ¶¶ 11-18; Eisenberg Decl. ¶¶ 6-8, 33.)  Class Counsel
14  have extensive experience in class actions, as well as expertise in class actions
15  relating to consumer protection and specifically the TCPA.  Class Counsel—who
16  between them have litigated more than 150 TCPA class actions—believe that under
17  the circumstances, the proposed Settlement is fair, reasonable, and adequate and in
18  the best interests of the Class Members.  (Lehrman Decl. ¶ 46; Eisenberg Decl. ¶
19  11.)

20       **F.**     **The Court should preliminarily certify the Class for purposes of**
21                  **settlement.**

22       Courts have long acknowledged the propriety of class certification for
23  purposes of a class action settlement. See In re Wireless Facilities, 253 F.R.D. at
24  610 ("Parties may settle a class action before class certification and stipulate that a
25  defined class be conditionally certified for settlement purposes").  Certification of
26  a class for settlement purposes requires a determination that certain requirements of

27
28

a class for settlement purposes requires a determination that certain requirements of Rule 23 are met. *Id.* As explained below, class certification is appropriate here because the Proposed Settlement meets the requirements of Rule 23(a) and (b)(3).

### G.   The proposed Class in the thousands is numerous.

Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be impracticable. "Impracticability does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted). "[N]umerosity is presumed where the plaintiff class contains forty or more members." *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009). Here, the Settlement Class consists of 1,146 recipients of Defendants' facsimile advertisements during the Class Period. (Lehrman Decl. ¶ 30.) Thus, the proposed Class is sufficiently numerous.

### H.   The commonality requirement is satisfied, because common questions of law and fact exist.

The commonality requirement is met if there are questions of law and fact common to the class. *Hanlon*, 150 F.3d at 1019 ("The existence of shared legal issues with divergent legal factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."). Here, for purposes of settlement, the proposed Class Members' claims stem from the same factual circumstances, specifically the sending of allegedly unsolicited facsimile advertisements of a medical education event without proper opt-out notices. (Lehrman Decl. ¶ 35.)   Plaintiff's claims also present questions of law that are common to all members of the Class for settlement purposes, including (1) whether Defendants' fax advertisements contained the opt-out notice required by the TCPA; (2) whether their fax advertisements violated the TCPA; (3) whether Defendants willfully or knowingly violated the TCPA; and (4) whether statutory damages per

facsimile or per violation of the TCPA applies.  (ECF No. 36 at 9 ¶ 48.)   The Settlement Class Members all seek the same remedy.  Under these circumstances, the commonality requirement is satisfied for certifying a settlement class.  *See Hanlon,* 150 F.3d at 1019-20.

### I.     The typicality requirement is met.

The typicality requirement is met if the claims of the named representatives are typical of those of the class, though "they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.  For purposes of settlement, Plaintiff's claim is typical of the Class because the claims arise from the same factual basis—unsolicited facsimile advertisements—and are based on the same legal theory, i.e., the faxes allegedly violated the TCPA.  *See Wehner v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).  Plaintiff claims receipt of the same unsolicited fax advertisement from Defendants as the Class and that the faxes lacked proper opt-out notices. (ECF Nos. 36 at 5 ¶ 19 & No. 36-1.)  Accordingly, the Plaintiff's claim is typical of those of the Settlement Class.  Thus, the typicality requirement is satisfied for purposes of certifying a settlement class.

### J.     The adequacy requirement is satisfied.

Rule 23(a)(4) is satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  The Court must measure the adequacy of representation by two standards: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Wireless Facilities*, 253 F.R.D. at 611 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 958 (9th Cir. 2003)).

Plaintiff and Class Counsel have no conflicts of interest with other Class Members because Plaintiff's claim is typical of those of other Settlement Class Members.  In addition, Class Counsel have done work in identifying potential claims in the action and filed suit under the TCPA, which specifically addresses

unsolicited faxes.  Class Counsel are experienced in handling class actions, other complex litigation, and the types of claims asserted in the action and have litigated numerous TCPA fax class actions.  Through those cases they have gained knowledge of the applicable law.  They have committed and will commit resources to representing the Class.  (Lehrman Decl. ¶¶ 47-48; Eisenberg Decl. ¶¶ 36-37.)

Plaintiff and Class Counsel have been prosecuting this litigation vigorously on behalf of the Class.  Plaintiff and Class Members share the common goal of protecting and improving privacy rights throughout the nation, and there is no conflict among them.  (Lehrman Decl. ¶ 53; Eisenberg Decl. ¶ 39.)  Class Counsel are qualified to represent the interests of the Class.  Rule 23(a)(4) is therefore satisfied for purposes of certifying a settlement class.

## K.   <u>Common questions predominate, sufficient to certify a Class for settlement purposes only.</u>

Class certification under Rule 23(b)(3) is appropriate where "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).  The inquiry focuses on whether the class is "sufficiently cohesive to warrant adjudication by representation." *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001).  Central to this question is "'the notion that the adjudication of common issues will help achieve judicial economy.'" *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir.) (citation omitted), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001).  "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022.

Here the central inquiries for purposes of the proposed Settlement are whether Defendants violated the TCPA by sending faxes to Plaintiff and Class Members without permission, whether the faxes sent to Plaintiff and Class Members required an opt-out notice, and whether Defendants willfully or knowingly violated the TCPA. (ECF No. 36 at 9 ¶ 48.) "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022.

### L.   Class treatment for settlement purposes is superior to individual resolutions.

To determine whether the superiority requirements of Rule 23(b)(3) are satisfied, a court must compare a class action with alternative methods for adjudicating the parties' claims. Lack of a viable alternative to a class action necessarily means that a class action satisfies the superiority requirement. "[I]f a comparable evaluation of other procedures reveals no other realistic possibilities, [the] superiority portion of Rule 23(b)(3) has been satisfied." *Culinary/Bartenders Trust Fund*, 244 F.3d at 1163; *see also Valentino v. Carter-Wallace*, 97 F.3d 1227, 1235-36 (9th Cir. 1996) ("[A] class action is a superior method for managing litigation if no realistic alternative exists").

Consideration of the factors listed in Rule 23(b)(3) supports the conclusion that, for purposes of a settlement class, certification is appropriate. Ordinarily, these factors are (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of a class action.  Fed. R. Civ. P. 23(b)(3).

However, when a court reviews a class action settlement, the fourth factor does not apply.  In deciding whether to certify a settlement class action, a district court "need not inquire whether the case, if tried, would present intractable management problems."  *Amchem Prods. Inc. v. Woodward*, 521 U.S. 591, 620 (1997).  "With the settlement in hand, the desirability of concentrating the litigation in one forum is obvious."  *Elkins v. Equitable Life Ins. of Iowa*, No. Civ A96-296-Civ-T-17B, 1998 WL 133741, at *20 (M.D. Fla. Jan. 27, 1998); *see also Strube v. American Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 697 (M.D. Fla. 2005) (Rule 23(b)(3)(C) and (D) factors are "'conceptually irrelevant in the context of settlement'") (citation omitted).  Here, the Rule 23(b)(3)(A), (B) and (C) factors all favor class certification:

- Any Settlement Class Member who wishes to pursue a separate action can opt out of the Settlement.
- There is no competing litigation regarding claims at issue.
- Plaintiff believes this forum is appropriate, and Defendants do not oppose the forum.

**M.     The proposed Class Notice is consistent with Rule 23 and the Ninth Circuit requirements and provides adequate notice for claims, objections and opt outs.**

Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the court must order the "best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B).  "The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

20

members under Rule 23(c)(3)."   Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii). Rule 23(c)(2)(B) does not require "actual notice" or that a notice be "actually received." *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).  Rather, notice must be given in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).  "Adequate notice is critical to court approval of a class settlement under Rule 23(e)."  *Hanlon*, 150 F.3d at 1025.

Pursuant to Rule 23(e)(1)(B), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal."  Rule 23(c)(2)(B) sets forth requirements as to the content of the notice.  The notice must concisely and clearly state in plain, easily understood language (i) the nature of the action; (ii) the definition of the class; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B).

The Settlement Administrator shall disseminate the Class Notice in a form materially consistent with Exhibit A to the Agreement.  The Class Notice satisfies each of the requirements of Rule 23(c)(2)(B).  Further, mailed notice has routinely been held to be adequate notice to a Settlement Class.  *See Schaffer v. Litton Loan Servicing, LP*, No. CV 05-07673 MMM JCX, 2012 WL 10274679, at *8 (C.D. Cal. Nov. 13, 2012) (approving notice plan where class members were sent postcards that directed them to a settlement website); *Lo v. Oxnard European Motors, LLC*, No. 11CV1009 JLS MDD, 2012 WL 1932283, at *1 (S.D. Cal. May 29, 2012) (final approval of class settlement using postcard notice and settlement website).

1   Class Counsel will provide to the Settlement Administrator files containing

2   a list of Class Members. (Agreement § 12.1.)  The Settlement Administrator will

3   update the Class Member List through the National Change of Address database.

4   (*Id*. § 12.3.)  The Class Notice then will be mailed to the updated address, and, if

5   returned, re-mailed to any forwarding address is provided. (*Id*.)  *See generally*

6   *Barani v. Wells Fargo Bank, N.A.*, No. 12CV2999-GPC KSC, 2014 WL 1389329,

7   at *10 (S.D. Cal. Apr. 9, 2014) (approving settlement in TCPA class action using

8   reverse lookup to locate class members).

9   The Settlement Administrator will publish a Settlement Website within

10   fourteen days of entry of a Preliminary Approval Order.  The Settlement Website

11   will contain the Preliminary Approval Order, Long Form Notice, Settlement

12   Agreement, Claim Form, and Class Counsel's motion for an award of attorneys'

13   fees and expenses and for a Class Representative Award. (*Id*. § 12.9.) Accordingly,

14   Settlement Class Members will have sufficient time after dissemination of Class

15   Notice has been completed to opt out of the settlement or object. *Cf. Torrisi v.*

16   *Tucson Elec. Power Co.*, 8 F.3d 1370, 1374-1375 (9th Cir. 1993) (31 days is more

17   than sufficient, as Class as whole had notice adequate to flush out whatever

18   objections might reasonably be related to settlement) (citing *Marshall v. Holiday*

19   *Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977)).  Further, the Settlement Website

20   shall be maintained and accessible to permit the online submission of claims and

21   posting of any subsequent notices.  (*Id*. § 12.9.)

22   This notice program—centered on direct-mail notice—was designed to

23   meaningfully reach the largest number of Settlement Class Members possible.

24   Because Defendants' faxes were all sent in 2019, mailed notice will likely reach

25   most Settlement Class Members.

26

27

28

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

22

1       The concurrent dissemination of the Long Form Class Notice on the

2   Settlement Website, combined with the Class Notice, satisfies the requirements of

3   due process and constitutes the best notice practicable under the circumstances.

4       The Settlement Administrator will prepare and file a declaration prior to the

5   Final Approval Hearing certifying that the notice program has been properly

6   administered in accordance with this Agreement, this Court's Orders, and as

7   described herein.

8       **N.**    **<u>The Court should preliminarily certify the Class for purposes of</u>**

9                       **<u>settlement.</u>**

10      "[T]wo criteria for determining the adequacy of representation have been

11  recognized. First, the named representatives must appear able to prosecute the

12  action vigorously through qualified counsel, and second, the representatives must

13  not have antagonistic or conflicting interests with the unnamed members of the

14  class." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).

15  The adequacy of representation requirement is met here.  For settlement purposes,

16  Class Counsel move for Plaintiff Joan Spencer-Ruper, assignee of Retina

17  Associates Medical Group, Inc., to be appointed preliminarily as the Class

18  Representative.  From the outset of the case, she has been the key contact person

19  with Class Counsel.  Class Counsel request that Seth M. Lehrman of Edwards

20  Pottinger LLC and Ronald J. Eisenberg of Schultz & Associates LLP preliminarily

21  be appointed as Class Counsel for purposes of the Settlement.  They have extensive

22  experience sufficient to be appointed as Class Counsel.  Plaintiff understands the

23  obligations of serving as a class representative, have adequately represented the

24  interests of the putative class, and have retained experienced counsel.  Plaintiff has

25  no antagonistic or conflicting interests with the Settlement Class, and all members

26  of the Settlement Class are eligible for the same benefits.

27

28

**O.**     **The Court should appoint Angeion Group, LLC, as the Settlement Administrator.**

The proposed Agreement recommends that this Court appoint Angeion to serve as the Settlement Administrator, because that company specializes in providing administrative services in class action litigation and has extensive experience in administering TCPA class action settlements. (Agreement § 10.36.) Defendants do not oppose this request.

**P.**     **The Final Approval Hearing should be scheduled**

The last step in the settlement approval process is the formal fairness or Final Approval Hearing, at which time the Court will hear all evidence and argument, for and against, the proposed Settlement. Plaintiff requests that the Court grant preliminary approval of the Settlement and schedule a Final Approval Hearing to be held at least 90 days after the date of entry of the Preliminary Approval Order, to allow sufficient time for providing CAFA notice, the toll-free number and the Settlement Website, and completion of the period for class members to submit exclusion requests and objections.

**IV.   CONCLUSION**

For all the foregoing reasons, Plaintiff Joan Spencer-Ruper, assignee of Retina Associates Medical Group, Inc., requests that the Court enter an Order preliminarily approving the proposed Settlement and certifying a class for settlement purposes.

Date: February 16, 2021                    EDWARDS POTTINGER LLC

                                           By: */s/ Seth M. Lehrman*
                                               SETH M. LEHRMAN
                                               *Attorney for Plaintiff*

1

## **CERTIFICATE OF SERVICE**

2

3   Filed electronically on this 16th day of February, 2021, with:

4   United States District Court CM/ECF system.

5

6   Notification sent electronically on this 16th day of February, 2021, to:

7   Honorable David O. Carter
    United States District Court
8   Central District of California

9
    Eric J. Troutman
10  Jason M. Ingber

11
                                    /s/ Seth M. Lehrman, Esq.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28