UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **JOAN SPENCER-RUPER, assignee of RETINA ASSOCIATES MEDICAL GROUP, INC., individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**SCIENTIAE, LLC, et al.,**<br><br>Defendants. | CASE NO.  8:19-cv-01709-DOC - ADS<br><br>**FINAL APPROVAL ORDER**<br><br>Judge: David O. Carter |

This matter coming to be heard on Plaintiff's Motion for Final Approval of Class Action Settlement ("Motion"), due and adequate notice having been given to the Class,[1] and the Court having considered all papers filed and proceedings in this matter, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over the parties to the Action, including all Class Members.

---

[1] Unless otherwise defined herein, all capitalized terms have the same definition as set forth in the Settlement Agreement.

1

The Court preliminarily approved the Settlement Agreement by the Preliminary Approval Order dated March 19, 2021, and notice was given to the Class under the terms of the Preliminary Approval Order and the Order Granting Amended Joint Stipulation for Order To Extend Class Notice Deadlines and To Continue Final Approval Hearing.

The Court has read and considered the papers filed in support of the Motions, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Class, and supporting declarations from Class Counsel, Plaintiff, and the Settlement Administrator. The Court held a hearing on September 27, 2021, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement; however, no Class Members objected to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, was effectuated on March 15, 2021, and that ninety days have passed without comment or objection from any governmental entity.

Under Rule 23(b)(3) of the Federal Rules of Civil Procedure, the "Class," which was previously certified for purposes of settlement only pursuant to the Preliminary Approval Order, consists of the following:

> All persons in the United States, who did not have an established business relationship with Defendants, who received a facsimile advertisement sent by or on behalf of Defendants advertising the May 8, 2019 Advanced One-On-One Injection Training with Today's Experts in Aesthetic Medicine medical education event.

(Agreement ¶ 10.7.) Excluded from the Class are Defendants, their employees, their agents, and members of the judiciary. (*Id.*)

Plaintiff Joan Spencer-Ruper, assignee of Retina Associates, is appointed as Representative Plaintiff for the Class and Seth M. Lehrman of Edwards Pottinger LLC

and Ronald J. Eisenberg of Schultz & Associates LLP are finally appointed as Class Counsel.

All people and business entities who are members of the Class are now also collectively the "Settlement Class Members" or individually a "Settlement Class Member."

The Court, having already found that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied (ECF No. 59), with the reasons articulated in such order being incorporated herein, now turns to other relevant considerations.

"Unlike the settlement of most private civil actions, class actions may be settled only with the approval of the district court." *Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615, 623 (9th Cir. 1982).  The Court has broad discretion to grant such approval and should do so where the proposed settlement is "fair, adequate, reasonable, and not a product of collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  The Court may approve a settlement that would bind class members only after a hearing and on finding that the settlement is fair, reasonable, and adequate, after considering whether:

    (A) the class representatives and class counsel have adequately represented the class;

    (B) the proposal was negotiated at arm's length;

    (C) the relief provided for the class is adequate, taking into account:

        (i) the costs, risks, and delay of trial and appeal;

        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

        (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

        (iv) any agreement required to be identified under Rule 23(e)(3); and

1         (D) the proposal treats class members equitably relative to each other.

2 Fed. R. Civ. P. 23(e)(2)(A)-(D).

3         This Court already preliminarily found that the requirements of Rule 23 were satisfied. (ECF No. 59.) The relevant factors now demonstrate that the Settlement warrants final approval as fair, reasonable, and adequate.

**Adequacy of Representation by Class Representative and Class Counsel**

Under Rule 23(e)(2)(A), the first factor to be considered is whether the class representative and class counsel have adequately represented the class. This analysis includes for example, "the nature and amount of discovery" undertaken in the litigation, or "the actual outcomes of other cases." Fed. R. Civ. P. 23(e)(2)(A), 2018 Advisory Committee Notes. The nature and amount of discovery completed was sufficient. Plaintiff served Defendant Scientiae, LLC, with interrogatories, requests for production of documents, and requests for admissions. Plaintiff served Defendant Montefiore Medicine Academic Health System, Inc., with interrogatories, requests for production of documents, and requests for admissions. In addition, Class Counsel each have extensive experience in litigating class actions and particular expertise in consumer protection and TCPA litigation and have obtained meaningful outcomes in other TCPA class actions. The first Rule 23(e)(2) factor is satisfied.

**Arm's-Length Negotiation**

The second Rule 23(e)(2) factor calls for confirmation that the proposed settlement was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(B). The Ninth Circuit has long supported settlements reached by capable opponents in arm's-length negotiations. In *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009), the Ninth Circuit expressed the opinion that courts should defer to the "private consensual decision of the [settling] parties." *Id.* at 965 (citing *Hanlon*, 150 F.3d at 1027). The parties mediated this case: once without success and once ultimately leading to success. In June 2020, the parties engaged in mediation before Stacie Feldman Hausner, Esq., in Los Angeles, and made progress toward a settlement. Thereafter, the

parties continued negotiations and finally agreed to the Settlement in February 2021. The Settlement was not the product of collusion but rather of litigation, including motion practice and amended pleadings, and ultimately a compromise. The second Rule 23(e)(2) factor is satisfied.

### Adequacy of Relief Provided for the Class

The third Rule 23(e)(2) consideration is whether "the relief provided for the class is adequate, taking in to account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C). The relief "to class members is a central concern." Fed. R. Civ. P. 23(e)(2)(C), Advisory Committee Notes. It is now estimated that each Class member will receive $500. As detailed below, the third Rule 23(e)(2) factor is satisfied.

### Costs, Risks, and Delay of Trial and Appeal

Although Plaintiff feels strongly about the case's merits, there are costs and risks to continuing the litigation. If the case were to continue, Plaintiff would need to achieve class certification, overcome any summary judgment motions, win at trial, defend the judgment on any appeal, and collect the judgment. If Plaintiff were to prevail at trial and receive a statutory award of $500 for each of the faxes Defendants sent, the judgment could be $573,000 or $1,719,000 if Plaintiff were able to prove that Defendants' violations were done willfully or knowingly. See 47 U.S.C. § 227(b)(3). It is possible, if Plaintiff were to prevail at trial, that Plaintiff would obtain a judgment against only one of the defendants. Such a large judgment, or even continued litigation, could push the smaller defendant into bankruptcy or to cease conducting its business operations.

"In the context of a settlement . . . the test is not the maximum amount plaintiffs might have obtained at trial on the complaint, but rather whether the settlement is

reasonable under all of the circumstances." *Wershba v. Apple Computer, Inc.*, 91 Cal. App.4th 224, 250 (2001). In considering the Settlement, Plaintiff and Class Counsel carefully balanced the risks of continuing to engage in protracted and contentious litigation against the benefits available to the Class by settling. *See Miller v. CEVA Logistics USA, Inc.*, No. 2:13-CV-01321-TLN, 2015 WL 4730176, at *5 (E.D. Cal. Aug. 10, 2015) ("With this settlement, the Settlement Class Members have an opportunity for an immediate, guaranteed payout instead of prolonged litigation which will run the risk of uncertain recovery."). Plus, an experienced mediator, intimately familiar with the instant litigation and TCPA litigation as a whole, agreed with the parties and helped them craft a fair compromise.

**Effectiveness of Method of Relief Distribution**

Next, this Court considers "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(e)(2)(C)(ii). "Often it will be important for the court to scrutinize the method of claims processing to ensure that it facilitates filing legitimate claims." Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes. "A claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." *Id.* Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the court must direct to class members the "best notice practicable" under the circumstances. Rule 23(c)(2)(B) does not require "actual notice" or that a notice be "actually received." *Silber v. Mabon*, 18 F. 3d 1449, 1454 (9th Cir. 1994).

The Settlement Administrator, Angeion Group, LLC, provided notice via First Class U.S. Mail to class members and then by fax. (Agreement § 12.2.) Settlement Administrator also made Claims forms available on the Settlement website and that website allowed for online submissions. (Agreement § 12.9.) To be valid, the claim form was required to be substantially filled out, timely, and correct (defining incorrect as forms that contain false statements or if the class member otherwise is not entitled

or authorized to be treated as claimed). (*Id.* § 10.40.) The Claim Form, attached to the Settlement Administrator's declaration, is consistent with the draft attached to the Settlement Agreement and preliminarily approved by the Court and the revisions permitted by the Court when extending deadlines. The Claim Form contained a certification "under penalty of perjury" to maintain the integrity of the claims process. The claims process was sufficiently thorough, but not unduly demanding, and the proposed method of distribution, i.e., mailing checks that will be valid for 90 days after issuance (Agreement §§ 15.3, 16), is effective. Overall, the distribution process here was simple, effective, and commonly used in settlements of class action cases under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

### Agreement Identification Requirement

Although this Court must evaluate any agreement made in connection with the proposed Settlement, *see* Fed. R. Civ. P. 23(e)(2)(C)(iv), (e)(3), the Settlement Agreement is the sole agreement between the parties. Thus, this Court need not evaluate any additional agreements.

### Equitable Treatment of Class Members

The final Rule 23(e)(2) factor concerns whether the proposed settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). Here, each Class Member will be treated equitably, because "[e]ach Class Member who submits a Valid Claim Form will be paid a pro rata share of the Class recovery up to $500 per Class Member." (Agreement § 10.37.1.)

### Further Considerations and Findings

The Court further finds that (a) the members of the Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (b) the Court is satisfied with Class Counsels' representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class Members; (c) it is desirable claims described in the Settlement Agreement are released

against the Released Parties to concentrate the claims in this forum; and (d) it is unlikely that there will be difficulties encountered in administering this Settlement.

The Court has determined that the Class Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed members of the Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Due Process, Rule 23, and all applicable law.

No persons made timely and valid requests to be excluded from the Settlement Class so as not to be bound by this Final Order of Judgment and Dismissal.

The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff and all Settlement Class Members. The Court adjudges that the released claims described in the Settlement Agreement are released against the Released Parties.

The Court adjudges that Plaintiff and all Settlement Class Members shall be deemed to have fully, finally, and forever released and relinquished their claims against the Released Parties, as specified in the Settlement Agreement.

After the Effective Date, all Settlement Class Members, including Representative Plaintiff, are permanently enjoined from commencing, prosecuting, or assisting in any suit against the Released Parties with respect to the conduct, services, acts, or omissions of the Released Parties relating to all matters within the scope of the releases contained in the Settlement Agreement. The Court further adjudges that upon the Effective Date, the above-described release and the Settlement Agreement will be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of, Plaintiff and all other Settlement Class Members, and their respective affiliates, assigns, heirs, executors, administrators,

successors and agents. The Released Parties may file the Settlement Agreement and this Final Order of Judgment and Dismissal in any action or proceeding that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

Without affecting the finality of this Final Order of Judgment and Dismissal in any way, the Court retains jurisdiction over (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the Parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all Parties to this Action and the Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

The Court approves the requested administration costs in the amount of $21,357.00 to be paid to the Settlement Administrator, and finds that these costs are reasonable based on the evidence presented by Class Counsel and the Settlement Administrator documenting the full implementation of the Notice Plan, including the provision of a direct mail notice and subsequent facsimile notice that had been approved by the Court, and the work remaining to be performed to administer the Settlement.

The Court appoints as the *cy pres* recipient Medical Aid for Children of Latin America, Inc., a 501(c)(3) non-profit organization that performs free surgeries for underprivileged children.

Neither this Final Order of Judgment and Dismissal nor the Settlement Agreement shall be construed or used as an admission or concession by or against Defendants or any of the Released Parties of any fault, omission, liability, or

wrongdoing, or the validity of any released claims. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Class Members, or Defendants.

IT IS HEREBY ORDERED THAT

A.  Plaintiff's Motion for Final Approval of Class Settlement is granted;

B.  Plaintiff Joan Spencer-Ruper, assignee of Retina Associates, is appointed as Representative Plaintiff for the Class and Seth M. Lehrman of Edwards Pottinger LLC and Ronald J. Eisenberg of Schultz & Associates LLP are finally appointed as Class Counsel;

C.  Plaintiff's Motion for Attorney's Fees, Costs, and Incentive Award is granted such that Class Counsel is awarded $87,500 in attorneys' fees and $3,874.73 in costs and Plaintiff is awarded a $5,000 incentive award;

D.  Medical Aid for Children of Latin America, Inc., is appointed as the *cy pres* recipient;

E.  Payment from the settlement proceeds shall be made in compliance with this Order and the Settlement Agreement; and

F.  This action is dismissed with prejudice but with the Court retaining continuing jurisdiction over the implementation, interpretation administration and consummation of the Settlement.

DATED: September 24, 2021

_David O. Carter_
United States District Court Judge
Hon. David O. Carter