**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **JOAN SPENCER-RUPER, assignee of RETINA ASSOCIATES MEDICAL GROUP, INC., individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**SCIENTIAE, LLC, et al.,**<br><br>Defendants. | CASE NO. 8:19-cv-01709-DOC -ADS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD**<br><br>Judge: David O. Carter |

This matter coming to be heard on Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Award ("Motion"), due and adequate notice having been given to the Class,[1] and the Court having considered all papers filed and proceedings in this matter, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

The Court has read and considered the papers filed in support of the Motion, including the supporting declarations from Class Counsel and Plaintiff, as well as the

---

[1] Unless otherwise defined herein, all capitalized terms have the same definition as set forth in the Settlement Agreement.

including the Settlement Agreement.  The Court held a hearing on September 27, 2021, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Motion; however, no Class Members objected to Motion.  Furthermore, the Court finds that notice under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, was timely effectuated and that ninety days have passed without comment or objection from any governmental entity.

### Terms of Proposed Award of Attorneys' Fees

This Court now considers "the terms of any proposed award of attorneys' fees, including timing of payment." Fed. R. Civ. P. 23(e)(2)(c).  Class Counsel applied for an award of attorneys' fees of $87,500 (i.e., 25% of the $350,000 Settlement Fund), plus costs and expenses of $3,874.73.

Courts consider several factors to determine the appropriate percentage of the fund to awarding as attorneys' fees in a common fund case including (a) the results achieved; (b) the risk of litigation; (c) the skill required and the quality of work; (d) the contingent nature of the fee; and (e) awards made in similar cases.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047, 1048-50 (9th Cir. 2002.  The "benchmark" percentage for attorney's fees in the Ninth Circuit is 25% of the common fund with costs and expenses awarded in addition to this amount. *Id* at 1047.  "However, in most common fund cases, the award exceeds that [25%] benchmark." *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2007 (citing *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1998)).  Both the *Omnivision* and *Activision* Courts concluded that "[a]bsent extraordinary circumstances that suggest reasons to lower or increase the percentage, the rate should be set at 30%." *Omnivision*, 559 F. Supp. 2d at 1048.

Class Counsel's request for attorneys' fees in the amount of $87,500 equates to 25% of the Settlement Fund.  The fee request is fully supported by the factors enunciated in *Vizcaino*, as explained below.

**Class Counsel Have Obtained Excellent Results for the Class in Comparison to Awards Made in Similar Cases**

The results obtained for the class are generally considered to be the most important factor in determining the appropriate fee award in a common fund case. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *Omnivision*, 559 F. Supp. 2d at 1046; *see also* Federal Judicial Center, Manual for Complex Litigation, § 27.71, p. 336 (4th Ed. 2004 ("fundamental focus is on the result actually achieved for class members") (citing Fed. R. Civ. P. 23(h) committee note).

This factor supports Class Counsel's fee request. The Settlement secured by Plaintiff and Class Counsel provides an excellent recovery for Class Members as compared to similar TCPA cases, despite the uncertainty of recovery in TCPA class actions. The Settlement provides for $350,000 in recovery for the Class, with no reversion to Defendants. Based on the Settlement Administrator's declaration, providing claims data following mailing and faxing of the Class Notice, the per-Class Member Settlement Benefit will be $500.00

The settlement amount to class members is greater than numerous similar TCPA class action settlements which have been approved by courts within the Ninth Circuit and California in particular. (Lehrman Decl. Ex. A.)

**The Risks of Litigation Support the Requested Fees**

"The risk that further litigation might result in Plaintiffs not recovering at all, particularly a case involving complicated legal issues, is a significant factor in the award of fees." *Omnivision*, 559 F. Supp. 2d at 1046-47; *see also Vizcaino*, 290 F.3d at 1048 (risk of dismissal or loss on class certification is relevant to evaluation of requested fee). Defendant has raised twenty-four affirmative defenses, including constitutional challenges. (ECF No. 24 at 7-11.) From the outset Defendants demonstrated their willingness to mount a vigorous defense, such as by moving to strike Plaintiff's class-wide allegations. (ECF No. 25.)

3

Although Plaintiff feels strongly about the case's merits, there are costs and risks to continuing the litigation. If the case were to continue, Plaintiff would need to secure a contested class certification, defeat any motions for summary judgment, prevail at trial, defend the judgment on appeal, and collect the judgment. In considering the Settlement, Plaintiff and Class Counsel carefully balanced the risks of continuing to engage in protracted and contentious litigation against the benefits to the Class including the significant monetary benefit and the deterrent effects it would have. Furthermore, an experienced mediator agreed with the parties. Thus, the risks of continued litigation not only support the Settlement, the result obtained for the Class also supports the reasonableness of the requested fees.

### The Skill Required and Quality of Work Performed Support the Requested Fees

The "prosecution and management of a complex [] class action requires unique legal skills and abilities" that are to be considered when evaluating fees. *Omnivision*, 559 F. Supp. 2d at 1047. Class Counsel are experienced TCPA class-action litigators, having litigated more than 150 TCPA class actions nationwide and having been appointed class counsel in many of those cases. (Lehrman Decl. ¶¶ 11-16; Eisenberg Decl. ¶¶ 7, 11.) They have also successfully defended and prosecuted other types of class actions and have secured noteworthy recoveries for those classes. (Lehrman Decl. ¶ 17; Eisenberg Decl. ¶ 8.) Class Counsel's proven track record and strong reputations demonstrate not only the quality of work performed, but also the skill required to successfully prosecute large complex class actions. (Lehrman Decl. ¶¶ 11-18; Eisenberg Decl. ¶¶ 6, 9-10.)

In the present case, Class Counsel (a) conducted an extensive investigation into the underlying facts prior to bringing the action; (b) evaluated available causes of action, including not only the TCPA but others; (c) thoroughly researched class members' claims and available defenses; (d) prepared a detailed and lengthy class-action complaint; (e) amended the complaint following Defendants' motion to strike

class allegations; (f) propounded separate sets of requests for admissions, requests for production of documents, and interrogatories discovery to Defendants; (f) prepared the Joint Rule 26(f) report, (g) filed a second amended complaint; (h) mediated the case; (i) prepared the motion for preliminary approval of the settlement and the attachments; (j) drafted the settlement agreement and exhibits; (k) evaluated potential settlement administrators; (l) investigated *cy pres* recipients; (m) oversaw the notice and claims administration process; (n) prepared the motion for final approval of the settlement and the supporting declarations; (o) regularly communicated with Plaintiff; (p) communicated with the settlement administrator; (q) communicated with opposing counsel; and (r) and communicated with the Class  (Lehrman Decl. ¶¶ 21-26, 41; Eisenberg Decl. ¶¶ 39, 42.)  Thus, Class Counsel's skill, diligence, and expertise played significant roles in the parties' reaching a settlement, and therefore support the requested fees.

**Class Counsel's Undertaking of This Case on a Contingency-Fee Basis Supports the Requested Fees**

The Ninth Circuit has long recognized that the public interest is served by rewarding attorneys who undertake representation on a contingent basis by compensating them for the risk that they might never be paid for their work. In re *Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994) ("Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for Plaintiffs who could not afford to pay on an hourly basis regardless of whether they win or lose"); *Vizcaino*, 290 F.3d at 1051 (courts reward successful class counsel in contingency cases "for taking risk of nonpayment by paying them a premium over their normal hourly rates").

Class Counsel prosecuted this matter on a purely contingent basis while agreeing to advance all necessary expenses knowing that Class Counsel would only receive a fee if there were a recovery. (Lehrman Decl. ¶ 43.)  In pursuit of this litigation, Class

Counsel have spent considerable outlays of time and money. (Lehrman Decl. ¶¶ 40-45; Eisenberg Decl. ¶¶ 41, 42, 45.) Thus, Class Counsel's "substantial outlay, when there is a risk that none of it will be recovered, further supports the award of the requested fees" in this matter. *Omnivision*, 559 F. Supp. 2d at 1047. The requested fees are fully supported by the factors enunciated by *Vizcaino* and are commensurate with the excellent result obtained for the Class, which is comparable with or in excess of settlements in other TCPA cases. (Lehrman Decl. Ex. A.)

### The Requested Costs and Expenses Are Fair and Reasonable

"Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) (citing *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-92 (1970)). The litigation costs and expenses Class Counsel incurred in this case were necessary to secure the resolution of this litigation. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal. 2007). Throughout this litigation, Class Counsel incurred costs totaling $3,874.73, including the cost of mediation. (Lehrman Decl. ¶¶ 43, 50 ($2,453.35); Eisenberg Decl. ¶ 45 ($1,421.38).) These expenditures were necessary to secure the resolution of this litigation and Class Counsel put forward said costs without assurance of repayment. Class Counsel's request for costs and expenses is reasonable.

### Class Representative Award

The Settlement Agreement indicated that Class Counsel may seek a $5,000 for Plaintiff for her services as a class representative; however, the Settlement Agreement expressly contained no "clear-sailing" provision concerning such an award. (*Id.* § 13.6.) Here, Plaintiff has benefitted the class by securing a strong settlement. She has also been actively involved in the litigation, including providing information to Class Counsel for the complaint, reviewing the pleadings, reviewing the Defendants' motion

6

to strike class-wide allegations, reviewing and suggesting edits to documents filed with the motion for preliminary approval of the class action settlement, reviewing the motion final approval of the class action settlement, participating in mediation, and engaging in dozens of communications with Class Counsel. The Court finds that Plaintiff therefore is entitled to a Class Representative Award of $5,000. *See Stemple v. QC Holdings, Inc.*, No. 12-cv-01997-BAS(WVG), 2016 U.S. Dist. LEXIS 157244, at *11 (S.D. Cal. Nov. 7, 2016) (awarding $5,000 incentive award in TCPA case); *Bruno v. Quten Research Inst., LLC*, No. SACV 11-00173 DOC(Ex), 2013 U.S. Dist. LEXIS 35066, at *8 (C.D. Cal. Mar. 13, 2013) (awarding $8,000 incentive award).

### *Cy pres*

The Court appoints as the *cy pres* recipient Medical Aid for Children of Latin America, Inc., a 501(c)(3) non-profit organization that performs free surgeries for underprivileged children.

### **Settlement Administration Costs**

The Court approves the requested administration costs in the amount of $21,357.00 to be paid to Angeion Group, LLC, and finds that these costs are reasonable based on the evidence presented by Class Counsel and Angeion Group, LLC, documenting the full implementation of the Notice Plan, including the provision of a direct mail notice and secondary fax notice that had been approved by the Court, and the work remaining to be performed to administer the Settlement.

IT IS HEREBY ORDERED THAT

    A. Plaintiff Joan Spencer-Ruper, assignee of Retina Associates, is finally appointed as Representative Plaintiff for the Class and Seth M. Lehrman of Edwards Pottinger LLC and Ronald J. Eisenberg of Schultz & Associates LLP are finally appointed as Class Counsel;

    B. Plaintiff's Motion for Attorney's Fees, Costs, and Incentive Award is granted such that Class Counsel is awarded $87,500 in attorneys' fees and $3,874.73, in costs and Plaintiff is awarded a $5,000 incentive award;

7

1     C.     Medical Aid for Children of Latin America, Inc., is appointed as the *cy pres* recipient; and

    D.     Angeion Group, LLC's Settlement Administration Costs of $21,357 shall be paid from the Settlement Benefits.

DATED: September 24, 2021

*David O. Carter*
_____
United States District Court Judge
Hon. David O. Carter

8